UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KYLE SCHLAU,

               Petitioner,

vs.                            Case No. 3:13-cv-388-J-39JRK

SECRETARY, DOC, et al.,

               Respondents.

_____

**ORDER**

**I. STATUS**

Petitioner is proceeding on a *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (Petition) (Doc. 1). It challenges a 2010 state court (Duval County) conviction for nine counts of promoting a sexual performance. Id. at 2. Three grounds are raised. No evidentiary proceedings are required in this Court.

This cause is before the Court on Respondents' Answer in Response to Order to Show Cause and Petition for Writ of Habeas Corpus (Response) (Doc. 21) and Exhibits (Doc. 21).[1] Petitioner filed a Memorandum of Law (Reply) (Doc. 22). See Order (Doc. 15).

_____

[1] With respect to the Petition, the Court will reference the page numbers assigned through the electronic docketing system. The Court will refer to the Exhibits (Doc. 21) as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the exhibit. Otherwise, the page number on the particular document will be referenced.

## II. STANDARD OF REVIEW

The Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA).  "By its terms [28 U.S.C.] § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to th[re]e exceptions." Harrington v. Richter, 562 U.S. 86, 98 (2011).  The exceptions are: (1) the state court's decision was contrary to clearly established federal law; or (2) there was an unreasonable application of clearly established federal law; or (3) the decision was based on an unreasonable determination of the facts. Id. at 100.

Of significance, there is a presumption of correctness of state courts' factual findings unless rebutted with clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  This presumption of correctness applies to the factual determinations of both trial and appellate courts.  See Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims he received the ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.  In order to prevail on this Sixth Amendment claim, he must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 688 (1984), requiring that he show both deficient performance (counsel's representation fell below an

- 2 -

objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different). In the context of an ineffective assistance challenge to the voluntariness of a guilty or no contest plea, a petitioner must show there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Ineffective assistance of counsel may also require that a plea be set aside on the ground that it was involuntary because voluntariness implicates not only threats and inducements but also ignorance and incomprehension. See id. at 56 (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)) (noting that the "longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'").

Of import,

> in a post conviction challenge to a guilty plea:
>
> > [T]he representations of the defendant, his lawyer, and the prosecutor at [the plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations

> > unsupported by specifics is subject
> > to summary dismissal, as are
> > contentions that in the face of the
> > record are wholly incredible.
>
> > Blackledge v. Allison, 431 U.S. 63, 73-74, 97
> > S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977)
> > (citations omitted); see also United States v.
> > Gonzalez-Mercado, 808 F.2d 796, 799-800 and n.
> > 8 (11th Cir. 1987) (while not insurmountable,
> > there is a strong presumption that statements
> > made during a plea colloquy are true, citing
> > Blackledge and other cases).

Bryant v. McNeil, No. 4:09CV22-SPM/WCS, 2011 WL 2446370, at *2

(N.D. Fla. May 17, 2011) (Report and Recommendation) (Not Reported

in F.Supp.2d), report and recommendation adopted by Bryant v.

McNeil, No. 4:09CV22-SPM/WCS, 2011 WL 2434087 (N.D. Fla. June 16,

2011).

## IV.   PROCEDURAL HISTORY

To provide context, the Court presents a brief summary of the

case.   Petitioner was charged by Information with nine counts of

promoting a sexual performance.   Ex. A at 13-15.   On January 25,

2010, Petitioner signed a Plea of Guilty w[ith] Floor & Ceiling.

Id. at 43-46.   The terms included Petitioner agreeing to enter a

plea open to the court as charged, with the understanding that

there will be a floor of 36 months Florida State Prison (FSP) and

a total cap (on the sentence only) of 15 years FSP, and any split

sentence must be below 15 years total.   Id. at 43.   Petitioner

further agreed to forfeiture of all items related to the case.   Id.

Petitioner also understood that he would be designated a sexual offender.  <u>Id</u>.

On that date, Petitioner was duly sworn and a plea colloquy was conducted.  <u>Id</u>. at 172-89.  Petitioner's counsel announced that she had been authorized to enter a plea of guilty as charged, noting that there is a floor of 36 months and a cap of 15 years on the sentence.  <u>Id</u>. at 176.  She further stated she had gone over all of the conditions of probation with Petitioner.  <u>Id</u>. at 176-77.

The Court asked the state to provide a factual basis for the plea.  The state responded:

> Absolutely, Your Honor.  Yes.  The case, if it were to proceed to trial, the State would be prepared to prove that Mr. Kyle Schlau was, between the dates of November the 12th and April the 1st of 2009 -- that would be November 2008 until April of 2009 -- in the county of Duval and the state of Florida, he was knowingly and unlawfully promoting the sexual performance of a child, specifically that he, knowing the character and content of particular movies, images, and video representations of those children, knowing that those images were -- contained children under the age of 18 engaged in sexually explicit acts and that those images which were on his computer were available on a peer-to-peer file-sharing network that he had intentionally downloaded, and that those images were then made available to others to download.
>
> Just for the record, I will let the Court know that the particular images are articulated in detail in the arrest and booking report of the sworn law enforcement officer, but to be specific the -- they are titled and outlined in the arrest and booking report.  The first is a ten-year-old boy, is

> part of the title, and it includes an image of
> a child lying on a bed.  There are two boys
> and they're --

Id. at 177-78.

Petitioner's counsel interrupted the prosecutor and said: "Judge, we would stipulate to the arrest and booking report and the facts therein and that there is a factual basis for the charge." Id. at 178.  The court stated that it was reviewing the arrest and booking report.  Id.  See Ex. A at 1-8, Arrest and Booking Report. The court then inquired as to whether Petitioner had an opportunity to read the arrest and booking report, and he responded in the affirmative.  Ex. A at 178.  Petitioner agreed that there was a factual basis for the plea as to all nine counts.  Id.  The court found that, based on the record and the content of the arrest and booking report, there was a factual basis for the plea as to all nine counts.  Id. at 178-79.

The court sought clarification that all of the counts were second-degree felonies of promoting the sexual performance of a child.  Id. at 179.  The state responded in the affirmative and explained that they were charged as promoting the sexual performance of a child because "they were contained on a peer-to-peer file-sharing network that was available for download, and our law enforcement officers did in fact download images from his computer."  Id.

The court told Petitioner he would be adjudicated guilty in all nine counts, and he would receive a sentence between thirty-six

- 6 -

months and up to fifteen years and that there could potentially be a split sentence with probation.  <u>Id</u>. at 179-80.  The court asked if Petitioner had any questions, and he responded in the negative. <u>Id</u>. at 180.  He had no questions about the maximum sentence he faced.  <u>Id</u>.  Petitioner responded affirmatively that he wanted to plead guilty based on the plea agreement.  <u>Id</u>.

At that point, the court advised Petitioner what he would be giving up by pleading guilty.  <u>Id</u>. at 180-81.  Petitioner stated that he understood.  <u>Id</u>. at 181.  Petitioner responded affirmatively that he had sufficient time to discuss the charges, possible defenses he may have, witnesses he could call, and motions he could possibly file with the aid of counsel.  <u>Id</u>.  He confirmed that he thought the plea and the negotiations were in his best interest.  <u>Id</u>.

Petitioner stated that he understood the plea form and, if ordered as part of his sentence, the conditions of probation.  <u>Id</u>. at 182-85.  Upon inquiry, Petitioner informed the court that he had a twelfth grade education, he could read and write, and that his signature was on the plea form.  <u>Id</u>. at 185.  Petitioner also told the court that he was not under the influence of drugs or alcohol. <u>Id</u>. at 185-86.  The court directed defense counsel to add the forfeiture of seized items to the plea agreement.  <u>Id</u>. at 186.

The court advised Petitioner if she placed him on probation as part of the sentence and he violated that probation, he would face

fifteen years times nine. Id. at 187. Petitioner responded that he understood that fact. Id.

After completing this thorough inquiry, the court found the plea to be freely and voluntarily entered with a full understanding of the consequences of entering his plea. Id. The court accepted the pleas of guilty on all nine counts. Id.

At the sentencing hearing on March 12, 2010, Petitioner stated that he signed the plea agreement because he believed it to be in his best interest to do so. Id. at 201. He explained that he had graduated high school as an honor student and honorably served in the Navy for six years. Id. at 202. He also mentioned that he had a civilian sales job with Media Direct. Id. at 202-203. On cross examination, Petitioner stated that he had downloaded LimeWire onto his computer in order to download movies and pornography. Id. at 207. He responded affirmatively that he had used the search terms "Pedo and Lolita." Id. He said he was told that he had at least thirty-two or more images of child pornography on his computer. Id. at 208. He confirmed that he did know how to delete files. Id.

At sentencing, the prosecutor read a letter from one of the children whose images were in Petitioner's possession. Id. at 212-16. The court sentenced Petitioner to fifteen years in Florida State Prison. Id. at 217. Judgment and Sentence were entered on March 12, 2010. Id. at 136-48.

Petitioner appealed. Id. at 162. The assistant public defender filed an Anders brief.[2] Ex. B. The state answered. Id. On September 23, 2010, the First District Court of Appeal affirmed per curiam. Ex. E. The mandate issued on October 19, 2010. Ex. F.

On June 8, 2010, Petitioner filed a Rule 3.800 motion. Ex. G. The court denied the motion. Ex. H. Petitioner filed a second Rule 3.800 motion. Ex. I. The court denied this motion as well. Ex. J.

On January 27, 2011, pursuant to the mailbox rule, Petitioner filed a Rule 3.850 post conviction motion in the trial court. Ex. K at 1-13. On April 5, 2012, the circuit court denied the Rule 3.850 motion, attaching relevant documents and portions of the proceedings. Id. at 14-70. Petitioner appealed. Id. at 71. The First District Court of Appeal per curiam affirmed on September 4, 2012. Ex. L. The mandate issued on October 2, 2012. Ex. M.

## V. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### Ground One

Ground one of the Petition is trial counsel's assistance was rendered ineffective based on counsel's "failure to explain and advise petitioner that charged offenses had knowledge and intent elements," which caused the Petitioner's guilty plea to be involuntary in violation of the Sixth and Fourteenth Amendments of

---

[2] Anders v. California, 386 U.S. 738 (1967).

the United States Constitution.  Petition at 5.  In support of this ground, Petitioner claims his attorney failed to advise him that the charge of promoting a sexual performance required both knowledge and intent elements, but, in a contradictory statement, Petitioner alleges that he told his counsel that he wanted to proceed to trial as he did not knowingly and intentionally promote, produce or direct an sexual performance.  Id.  Petitioner contends that had he been aware of the knowledge and intent elements, he would not have pleaded guilty and would have insisted on going to trial.  Id.

The circuit court, in a very thorough and reasoned decision, denied the Rule 3.850 motion.  The court provided a succinct history of the case in its Order Denying Defendant's Motion for Post-Conviction Relief:

> On January 25, 2010, pursuant to a partially negotiated plea agreement with a sentencing floor and ceiling (to wit: a floor of three years incarceration and a cap of fifteen years incarceration), Defendant pled guilty to nine counts of Promoting a Sexual Performance, in violation of section 827.071(3), Florida Statutes (2008).  Ex. "A.") The Court accepted Defendant's plea and deferred sentencing to a later date.  On March 12, 2010, the Court designated Defendant a Sexual Offender and sentenced him to nine concurrent terms of fifteen years incarceration.  (Ex. "B.")  Defendant subsequently appealed his judgment and sentence to the First District Court of Appeal, which, on October 19, 2010, issued a Mandate per curiam affirming both. (Ex. "C.")  On January 27, 2011, Defendant timely filed the instant Motion.

Ex. K at 14.[3]

The trial court, in denying the Rule 3.850 motion, rejected Petitioner's claim of ineffective assistance of counsel for failure to advise him of the essential elements of knowledge and intent, resulting in an involuntary plea. The court found abundant evidence in the record demonstrating that Petitioner was fully aware of these elements and otherwise advised. Initially, the court referenced the narrative contained in the Arrest and Booking Report, which included Petitioner's admissions after being advised of his constitutional rights pursuant to Miranda. Id. at 15-16. These included Petitioner's statements that he downloaded child pornography using LimeWire software installed on his computer and stored the files in a shared folder. Id. at 16. See Ex. A at 5. Also of significance, the court relied on the Information to support its decision, pointing out that the Information includes all of the elements of the offense for which Petitioner was charged, including the elements that he "did knowingly and unlawfully promote a sexual performance by a child" and he "kn[ew] the character and content" of the videos he made

_____

[3] The Court notes that page two of the circuit court's order is not contained in the record. Page two apparently contained preliminary material, including the prejudice standard. See Ex. K at 15. The remaining pages of the opinion, which are included in the record, address the grounds raised in the Rule 3.850 motion. Id. at 15-20. The absence of page two of the order will not prevent the Court from rendering its decision.

available to others via the Internet.  Ex. K at 16 (citation omitted).  <u>See</u> Ex. A at 13-14.

Thirdly, the court referenced the plea colloquy.  Ex. K at 16.  During the plea proceeding, the court asked the state to present a factual basis for the plea, and the state responded by providing the factual basis for the plea including the following:

> [Petitioner] was knowingly and unlawfully promoting the sexual performance of a child, specifically that he, knowing the character and content of particular movies, images, and video representations of those children, knowing that those images were -- contained children under the age of 18 engaged in sexually explicit acts and that those images which were on his computer were available on a peer-to-peer file-sharing network that he had intentionally downloaded, and that those images were then made available to others to download.

Ex. A at 177-78.  After referencing the state's provision of the factual basis for the plea, the circuit court denied the claim and concluded that "prior to the Court accepting his plea, Defendant was aware of the elements of the offenses with which he was charged, including "knowledge" and "intent."  Ex. K at 16.

In order to satisfy the prejudice prong of the two-part <u>Strickland</u> test in a plea case, Petitioner must show that there is a reasonable probability that, but for his counsel's error, he would not have pleaded guilty and would have insisted on proceeding to trial.  <u>See</u> <u>Hill v. Lockhart</u>.  The circuit court found that given the totality of the circumstances, including the fact that Petitioner's negotiated plea agreement capped his sentence at

fifteen years and he was facing a maximum possible sentence of 135 years on the nine counts of promoting a sexual performance charged in the Information, there was no reasonable probability under the circumstances presented, that, but for counsel's alleged failure to properly inform Petitioner of the elements of knowledge and intent, Petitioner would have insisted on going to trial. Ex. K at 16.  As a result, the Court found Petitioner failed to demonstrate the required prejudice to meet the prejudice prong.  Id.

A federal habeas court reviews a state court guilty plea only for compliance with constitutional protections.

> This court has concluded that "[a] reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process:  If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir.) (en banc), cert. denied, ___ U.S. ___, 112 S.Ct. 116, 116 L.Ed. 2d 85 (1991).

Jones v. White, 992 F.2d 1548, 1556-57 (11th Cir.), cert. denied, 510 U.S. 967 (1993).  Thus, in order for a guilty plea to be constitutionally valid, it must be made knowingly, intelligently, and voluntarily.  Pardue v. Burton, 26 F.3d 1093, 1096 (11th Cir. 1994).

Petitioner has not shown that there is a reasonable probability that, but for counsel's alleged errors, Petitioner would not have pleaded guilty and would have insisted on going to

trial.  With regard to the nine counts of promoting a sexual performance, Petitioner was facing a sentence of 135 years.  At the plea proceeding, the defense stipulated to the Arrest and Booking Report and the facts stated therein.  Ex. A at 178.  Petitioner confirmed that he had read the Report and agreed that there was a factual basis for the plea.  Id.  In this case, when the state provided its factual basis for the plea, no objections or exceptions were made.

At the inception of the plea proceeding, counsel announced that her client had authorized her to enter a plea of guilty with a negotiated floor of thirty-six months and a cap of fifteen years in prison.  Id. at 176.  Petitioner had no questions concerning the maximum penalty he faced.  Id. at 180.  He confirmed that he had gone over the plea form completely with this counsel.  Id. at 185.  Petitioner stated that he had a twelfth grade education and he signed the plea form.  Id.  He also stated that he was not under the influence of drugs or alcohol.  Id. at 185-86.

Petitioner has failed to show that his counsel's performance was deficient.  Even assuming deficient performance, Petitioner has not shown prejudice, as Petitioner was facing substantial time.  Thus, Petitioner has not shown that a reasonable probability exists that the outcome of the proceeding would have been different if his lawyer had given the assistance that Petitioner has alleged should have been provided.  Accordingly, Petitioner's ineffectiveness

claim is without merit since he has neither shown deficient performance nor resulting prejudice.

Petitioner is not entitled to relief on ground one of the Petition, the claim of ineffective assistance of trial counsel.[4] Deference, under AEDPA, should be given to the state court's decisions. Petitioner raised the issue in his Rule 3.850 motion, the trial court denied the motion, and the appellate court affirmed. Ex. L. The state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u> and <u>Hill</u>, or based on an unreasonable determination of the facts. Ground one, Petitioner's claim of ineffective assistance of counsel resulting in an involuntary plea, is due to be denied.

<b>Ground Two</b>

In his second ground claiming ineffective assistance of counsel, Petitioner contends that his attorney provided him with erroneous advice about how to respond to the court's questions during the plea colloquy, including advice to stand mute, an admonishment to answer the questions correctly and directly while preferably saying yes to the questions regarding the plea, and finally, avoiding indicating there were any issues contrary to what the judge expected. Petition at 8. Petitioner alleges that these

---

[4] Petitioner waived any claims regarding the merits of his defense or prosecution when he entered his plea and any complaints he may have had about the state's underlying evidence. Ex. K at 180-81.

actions deterred him from addressing the court on matters related to the voluntariness of his plea.  Id.

In denying the Rule 3.850 motion, the circuit court first recognized that much of the advice about how to respond to the court's questions during the plea colloquy was "actually correct." Ex. K at 17.  The court found the advice to answer the judge's questions directly, to respond with simple yes or no answers, and to avoid interrupting the judge to be proper and reasonable.  Id. The court also concluded that the "threat" of 135 years in prison was an accurate statement of the maximum sentence Petitioner would face if he decided to proceed to trial.  Id.  "Similarly, counsel's statement that if the judge determined that Defendant's plea was voluntary, then he would likely sentence Defendant to three years incarceration, was correct to the extent that three years was the minimum sentence provided by the plea agreement."  Id.  Finally, the court determined that any advice given that the court would not accept the plea agreement if the court believed the plea was involuntary was also correct advice.  Id.

In denying the post conviction motion, the court held that Petitioner failed to demonstrate prejudice, thus failing to meet the second prong of the two-pronged Strickland test and the requirement set forth in Hill for showing prejudice in a guilty plea case.  The court explained its decision:

> Assuming *arguendo* that any of the
> aforementioned advice was incorrect, or that
> counsel actually misadvised Defendant insofar

as counsel implied that there was a "correct"
way to respond to a judge's questions during
the plea colloquy, Defendant's claim still
fails because he cannot demonstrate prejudice.
This Court first looks to Defendant's sworn
answers during the plea colloquy.  See Stano
v. State, 520 So.2d 278, 280 (Fla. 1988)
(holding that a defendant may not seek to go
behind his sworn testimony at a plea hearing
in a postconviction motion); Bir v. State, 493
So.2d 55, 56 (Fla. 1st DCA 1986) (same); Dean
v. State, 580 So.2d 808, 810 (Fla. 3d DCA
1991) (same); see also Iacono v. State, 930
So.2d 829, 831 (Fla. 4th DCA 2006) ("A
defendant is not entitled to rely on an
attorney's advice to commit perjury above the
solemn oath that the defendant makes to the
court to tell the truth.").   At the plea
hearing, Defendant testified that he
understood the charges against him, the
maximum possible sentence he faced, and the
terms of his negotiated sentence (including
the terms of any possible probation).  (Ex.
"F" at 7-9, 10-14, 16.)  Defendant further
testified that he was not under the influence
of any substance or medical condition that
would impair his cognitive abilities, and that
he was able to read and write English.  (Ex.
"F" at 14-15.)   Additionally, Defendant
testified that he was satisfied with his
counsel's legal representation.  (Ex. "F" at
10, 14.)   Therefore, Defendant's plea was
knowingly and voluntarily entered.

Ex. K at 17-18.  The court attached a copy of the transcript of the

plea proceeding to its order as exhibit F.

In addition, the court, in making its decision, relied heavily

upon the averments contained in the written plea agreement.  The

court reiterated portions of the agreement demonstrating the

voluntary nature of Petitioner's acceptance of the agreement:

That form clearly indicates that Defendant
"freely and voluntarily entered [his] plea of
guilty," that he "ha[d] not been offered any

- 17 -

> hope of reward, better treatment, or certain
> type of sentence as an inducement to enter
> [his] plea," that he "ha[d] not been promised
> by anyone, including [his] attorney, that [he]
> would actually serve any less time than that
> set forth [in the agreement]," and that he
> "ha[d] not been threatened, coerced, or
> intimidated by any person, including [his]
> attorney, in any way in order to get [him] to
> enter [his] plea." (Ex. "A" at 2-3.)

Ex. K at 18. The court attached the Plea of Guilty w[ith] Floor & Ceiling (floor of 36 months FSP and a total cap (on the sentence only) of 15 years FSP) as exhibit A.

The circuit court denied Petitioner's claim that his plea was induced by counsel's misadvice to stand mute and/or to respond correctly to plea colloquy questions finding that claim was refuted by the record. Ex. K at 19. Finally, after reviewing the signed negotiated plea agreement, Petitioner's sworn testimony during the plea proceeding, and the totality of all of the circumstances of the case, the court concluded that there was no reasonable probability that, but for counsel's errors, Petitioner would not have pleaded guilty and would have insisted on going to trial. Id. See Hill v. Lockhart, 474 U.S. 52, 56 (1985). As such, the court decided that Petitioner failed to demonstrate prejudice. Ex. K at 19.

As noted previously, in order to satisfy the prejudice prong of the two-part Strickland test in a plea case, Petitioner must show that there is a reasonable probability that, but for his counsel's error, he would not have pleaded guilty and would have

insisted on proceeding to trial.  This Petitioner failed to do. Petitioner has also failed to show deficient performance by counsel.  Since he has neither shown deficient performance or prejudice, Petitioner ineffectiveness claim is without merit.

The First District Court of Appeal affirmed the decision of the circuit court in denying the Rule 3.850 motion.  Ex. L.  In this instance, deference under AEDPA should be given to the state court's decision.  The state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u> and <u>Hill</u>, or based on an unreasonable determination of the facts. Therefore, ground two is due to be denied.

### C.  Ground Three

In his third and final ground, Petitioner raises a claim of ineffective assistance of counsel, complaining that his counsel failed to discuss with him the content of the depositions and investigative reports and to provide him with advice concerning the available defenses presented by these depositions and reports. Petition at 11.  As a result of this alleged failure, Petitioner claims that his plea was rendered involuntary.  <u>Id</u>.  Petitioner states that although counsel did mail him some of the investigative reports, she failed to explain or discuss the findings of these reports with him.  <u>Id</u>.  He further states that he did not receive most of the reports and investigative findings until after sentencing.  <u>Id</u>. at 12.  Petitioner asserts that the information contained in the materials would have supported his contention that

- 19 -

his promotion of the images was done by default and not by knowledge or intent.  Id.

The circuit court soundly rejected this claim, noting that "the record directly refutes Defendant's claims." Ex. K at 19.  Of importance, Petitioner signed the plea agreement.  The agreement:

> clearly indicates that Defendant was "completely satisfied with the services rendered by [his] attorney," that he and his attorney "fully discussed all aspects of [his] case, including all possible defenses to all charges," and that counsel gave him "the opportunity to ask questions and has answered all of [his] questions fully and completely."

Id. (citation omitted).

The trial court conducted a thorough plea colloquy. Petitioner was sworn and the state provided a factual basis for the plea.  The colloquy shows that Petitioner understood that the plea agreement was for a range of thirty-six months to fifteen years. The plea colloquy shows that the court inquired:

> THE COURT: Have you had plenty of time to talk to your attorney about these charges, about possible defenses you may have, witnesses you could call, motions you could file, that sort of thing?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And with all that information do you also feel like this plea and these negotiations are in your best interest?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Did you go over this form I'm showing you -- it's actually four pages -- that lays out these rights we're discussing? It also sets out all of the conditions of

> probation that you would face if I sentence
> you partly to probation.
>
> Do you understand that?
>
> THE DEFENDANT: Yes, ma'am.

Ex. A at 181-82.

The court continued its inquiry:

> THE COURT: Did you go over this form
> completely with your attorney?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: How far did you go in school?
>
> THE DEFENDANT: 12th grade.[5]
>
> THE COURT: Okay.   And is this your
> signature here on the back indicating you
> understand?
>
> THE DEFENDANT: Yes, ma'am.

Id. at 185.

In denying the third ground, the circuit court pointed directly to Petitioner's responses during the plea colloquy, noting that Petitioner testified that "he understood his negotiated plea agreement and that he had completely gone over his written plea agreement with his attorney." Ex. K at 19-20 (citation omitted). Also, of note, the court recognized that Petitioner could not "now seek to go behind such sworn statements." Id. at 20 (citations omitted).   The court found that "given the totality of the

---

[5] At sentencing, Petitioner stated that he graduated from high school as an honor student, served honorably in the Navy for six years, and lastly, worked as a civilian in a sales job. Ex. A at 202.

circumstances of this case, there is no reasonable probability that, but for counsel's alleged misadvice [or lack of advice] in this regard," Petitioner would have insisted on going to trial to face a 135 year prison term.  Id.

Recognizing that solemn declarations in open court carry such a strong presumption of verity, the circuit court's decision is well supported by the record.  The record shows that Petitioner pleaded guilty because he believed it was in his best interest and he hoped to cap "the duration of his inevitable sentence for crimes that he admittedly committed." United States v. Castro, 736 F.3d 1308, 1315 (11th Cir. 2013) (per curiam), cert. denied, 134 S.Ct. 1331 (2014).

At sentencing, Petitioner stated that he felt that the plea was in his best interest. Ex. A at 201.  He confirmed that when he spoke to the law enforcement officers, he stated that he downloaded LimeWire onto his computer in order to download movies and pornography.  Id. at 207.  In addition, he used search terms such as "Pedo" and "Lolita" to access child pornography.  Id.  Finally, Petitioner admitted that he knew how to delete files but retained images of child pornography on his computer, including images of bondage and violence against children.  Id. at 208.  Of import, the Arrest and Booking Report provided explicit and detailed information of the content of the nine files recovered from Petitioner's computer which "were all located in a shared file and

were available for distribution to other individuals on the Peer to Peer network." Ex. A at 5-6.

Although Petitioner may have hoped that a portion of his sentence would have been a probationary term, the court decided to sentence him to fifteen years in prison, a sentence within the terms of the plea agreement.  Petitioner's displeasure with the sentence he received is not enough to win the day.  He received the benefit of the bargain and avoided the possibility of being given a much greater sentence by accepting the plea agreement and having the assurance of a guaranteed cap on his sentence.

In sum, Petitioner has not shown that there is a reasonable probability that, but for counsel's alleged errors, Petitioner would not have pleaded guilty and would have insisted on going to trial.  Assuming *arguendo* deficient performance, Petitioner has not shown prejudice, as Petitioner was facing a large amount of prison time.  Thus, Petitioner has not shown that a reasonable probability exists that the outcome of the proceeding would have been different if his public defender had discussed with Petitioner the content of the depositions and reports and provided related advice concerning these materials.  As such, Petitioner's ineffectiveness claim is without merit since he has neither shown deficient performance nor resulting prejudice.

With regard to the third ground, AEDPA deference should be given to the state court's decision.  Petitioner raised the issue in his Rule 3.850 motion, the trial court denied the motion, and

the appellate court affirmed.  The state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u> and <u>Hill</u>, or based on an unreasonable determination of the facts.  Petitioner is not entitled to relief on ground three of the Petition.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2.   The **Clerk of the Court** shall enter judgment accordingly and close this case.

3.   If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability.**[6]  Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

---

[6] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).  Upon due consideration, this Court will deny a certificate of appealability.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of November, 2015.

_____
BRIAN J. DAVIS
United States District Judge

sa 11/3
c:
Kyle Schlau
Counsel of Record